**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**Stephanie A. Gallagher**
**United States District Judge**

**101 West Lombard Street**
**Baltimore, Maryland 21201**
**MDD_SAGChambers@mdd.uscourts.gov**
**(410) 962-7780**

October 30, 2026

LETTER TO PARTIES

Re: *LaVaughn G. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. 26-0004-SAG

Dear Plaintiff and Counsel:

On November 10, 2025, Plaintiff LaVaughn G. ("Plaintiff"), proceeding *pro se*, filed a complaint in the District Court of Maryland for Montgomery County, asserting that the Social Security Administration ("SSA" or "Commissioner" or "Defendant") issued an erroneous decision as to Plaintiff's claim for social security benefits. ECF No. 3 at 1-2. This case was removed to this Court on behalf of the SSA on January 2, 2026. ECF No. 1. On March 6, 2026, the Commissioner filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), or, in the alternative, for Summary Judgment pursuant to FRCP 12(d) and 56. ECF No. 12. Plaintiff has not filed an opposition to that motion, even after an extension of time to respond. I have carefully reviewed the parties' filings, including Plaintiff's Complaint, the Commissioner's Motion to Dismiss, and all of the attachments thereto. ECF No. 3, 12. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, the Commissioner's motion is treated as a motion for summary judgment and must be GRANTED.

Rule 12(b)(6) "test[s] the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "A complaint should not be dismissed for failure to state a claim unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts entitling him to relief." *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017) (quoting *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002)) (internal citation omitted) (internal quotation marks omitted). In adjudicating a motion to dismiss, the Court considers only those facts and allegations contained on the face of the complaint, FRCP 12(d), with limited exceptions. See *Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).

In this case, I will also consider the Commissioner's attached Declaration of Janay Podraza, Chief of Court Case Preparation and Review Branch 2 of the Office of Disability Adjudication, SSA. Podraza Decl. 1–3, ECF No. 12-3. Because Defendant styled its Motion as one for summary judgment "in the alternative" and submitted matters outside the pleadings, the Court is permitted to consider materials outside the pleadings.[1] *See Laughlin v. Metro. Wash. Airports Auth.*, 149

[1] Courts retain discretion under Rule 12(d) to convert a Rule 12(b)(6) motion to one under Rule 56 if the motion is styled as one under Rule 12(b)(6) or, in the alternative, Rule 56. *See Bosiger v. U.S. Airways*, 510

F.3d 253, 260–61 (4th Cir. 1998). The Court may do so if the consideration of such materials is "likely to facilitate the disposition of the action" and if additional discovery is unnecessary. *Wells-Bey v. Kopp*, No. ELH-12-2319, 2013 WL 1700927, at *5 (D. Md. Apr. 16, 2013). Insofar as Defendant seeks summary judgment under Federal Rule 56, Defendant must show that "no genuine dispute as to any material fact" exists and that Defendant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In such cases, courts must give all parties "reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Reasonable opportunity requires: (1) some notice by the court to the parties that "it is treating the 12(b)(6) motion as a motion for summary judgment[,]" and (2) "the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (quoting *Johnson v. RAC Corp.,* 491 F.2d 510, 513 (4th Cir. 1974)). As will be discussed below, Plaintiff has had proper notice that the Court may construe the Motion under Federal Rule 56. *Laughlin*, 149 F.3d at 260–61. Construal under this rule is also appropriate because, for the reasons explained below, the Court can properly dispose of this matter based solely on the administrative materials submitted by Defendant. *See Wells-Bey*, 2013 WL 1700927, at *5. Therefore, the Court will construe Defendant's Motion as a Motion for Summary Judgment.

## I. PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on January 19, 2022, and a Title XVI application for Supplemental Security Income ("SSI") benefits on February 5, 2022, both alleging a disability onset of June 1, 2017, later amended to a closed period of June 10, 2021 to January 8, 2023. Podraza Decl. 2; ECF No. 12-3 at 36. Plaintiff's claims were denied initially and on reconsideration. Podraza Decl. 2; ECF No. 12-3 at 36. On March 4, 2025, an Administrative Law Judge ("ALJ") held a hearing. ECF No. 12-3 at 36. Following the hearing, on May 7, 2025, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act, 42 U.S.C. §§ 301 et seq., during the relevant time frame. ECF No. 12-3 at 49-50. Defendant avers "[t]here is no indication of further administrative appeal." Podraza Decl. 3.

## II. LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material fact. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id*. The non-moving party must provide enough admissible evidence to "carry the

---

F.3d 442, 450 (4th Cir. 2007); *Kensington Volunteer Fire Dep't, Inc.* v. Montgomery Cnty., 788 F. Supp. 2d 431, 436 (D. Md. 2011), *aff'd sub nom. Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, Md., 684 F.3d 462 (4th Cir. 2012).

burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993)). The mere existence of a "scintilla of evidence" in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

Here, as mentioned, the Commissioner filed a motion to dismiss, or in the alternative, motion for summary judgment, on March 6, 2026. ECF No. 12. After receipt of the Commissioner's motion, the Clerk of this Court mailed a "Rule 12/56 notice" to Plaintiff. ECF No. 13. This notice alerted Plaintiff to the potential consequences of a failure to respond to the Commissioner's motion.[2] Further, on May 4, 2026, after a period of non-response by Plaintiff, Magistrate Judge Miller issued a Letter Order granting Plaintiff an additional 28 days to file a response. ECF No. 15. Therefore, I find that Plaintiff received sufficient notice, by way of the title of Commissioner's motion, the information in the Rule 12/56 letter, and the information in Magistrate Judge Miller's Letter Order, and that the Commissioner's motion may be converted to one for summary judgment. I also find that Plaintiff had sufficient opportunity to seek and submit evidence pursuant to FRCP 12(d) and that conversion of the Commissioner's motion to one for summary judgment is appropriate.

## III. ANALYSIS

The Act limits judicial review to claims brought by "[a]ny individual, after any final decision of the Commissioner of Social Security." 42 U.S.C. § 405(g). This Section of the Act contains a nonjurisdictional—albeit mandatory—requirement that a claimant exhaust his administrative remedies prior to seeking judicial review of a decision by the SSA. *Accident, Injury and Rehab., PC v. Azar*, 943 F.3d 195, 200 (4th Cir. 2019). "[T]he Act does not define 'final decision,' instead leaving it to the SSA to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citing 42 U.S.C. § 405(a), *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)).

The administrative review process established by the SSA contains four steps: (1) an initial determination; (2) reconsideration; (3) an Administrative Law Judge hearing and decision; and (4) Appeals Council review or denial thereof. 20 C.F.R. §§ 404.900(a)(1)-(4), 416.1400(a)(1)-(4). Once a claimant has completed that process, a "final decision" has been issued, and the claimant may seek judicial review. *Id.* §§ 404.900(a)(5), 416.1400(a)(5). Absent a waiver by the Commissioner, *see, e.g., Quattlebaum v. Saul*, No. DLB-19-3258, 2021 WL 1225542, at *2 (D. Md. Mar. 31, 2021), or, in extreme cases, by the Court, *see, e.g., Bowen v. City of New York*, 476

[2] This Court routinely finds that the "Rule 12/56 notice" satisfies the notice requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *See, e.g., Hutton v. Hickman*, No. ELH-19-3665, 2020 WL 7640825 (D. Md. Dec. 23, 2020); *Collins v. Gang*, No. JKB-19-2526, 2020 WL 7384877 (D. Md. Dec. 16, 2020); *Bogues v. Bishop*, No. CCB-19-2035, 2020 WL 5759758 (D. Md. Sept. 28, 2020).

U.S. 467, 484-85 (1986), a plaintiff's failure to exhaust his administrative remedies prevents judicial review of the SSA's decision*, see Accident, Injury and Rehab., PC*, 943 F.3d at 200.

In this case, the Commissioner argues that Plaintiff's complaint should be dismissed because "Plaintiff has not received a 'final decision of the Commissioner' and thus did not exhaust her administrative remedies, as is required before judicial review under 42 U.S.C. § 405(g) may be sought." ECF No. 12-1 at 1. The Commissioner avers that Plaintiff "does not show that there was a denial against her or that she received a final decision from the Commissioner, which is a necessary predicate to seeking relief in this court,. . . .[and] that the Commissioner has no record of Plaintiff exhausting her administrative remedies and receiving a final decision." ECF No. 12-1 at 5. The Commissioner asserts that "Plaintiff has not alleged that any—much less all three—of the factors [required to excuse the exhaustion requirement] is present here." ECF No. 12-1 at 5. The Commissioner concludes that "Plaintiff's complaint, both on its own and in connection with the attached Declaration and other documents submitted with this motion, confirms that Plaintiff has failed to state a claim upon which relief can be granted because she has not obtained a judicially reviewable final decision." ECF No. 12-1 at 5. The Commissioner asks the Court to "either dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, grant summary judgment in the Commissioner's favor under Federal Rules of Civil Procedure 12(d) and 56." ECF No. 12-1 at 6.

Considering the foregoing, on the evidence before the Court, Plaintiff has not exhausted all administrative remedies. Plaintiff was required to timely exhaust all administrative remedies by appealing the ALJ's order of dismissal to the Appeals Counsel. *See Smith v. Berryhill*, 139 S. Ct. 1765, 1779 (2019) ("Fundamental principles of administrative law, however, teach that a federal court generally goes astray if it decides a question that has been delegated to an agency if that agency has not first had a chance to address the question."); *id.* at 1779–80 (quoting *Weinberger*, 422 U.S. at 765) ("[E]xhaustion serves to 'preven[t] premature interference with agency processes' and to give the agency 'an opportunity to correct its own errors,' 'to afford the parties and the courts the benefit of its experience and expertise,' and to produce 'a record which is adequate for judicial review.'"). Summary judgment is therefore appropriate against Plaintiff for her failure to exhaust administrative remedies.

## IV. CONCLUSION

For the reasons set forth herein, the Commissioner's Motion to Dismiss, ECF No. 12, is treated as a motion for summary judgment and GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Stephanie A. Gallagher
United States District Judge